# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| CALVIN WILSON, DAVID BLUME, and ASIA MARSHALL, individually and on behalf of all other similarly situated persons, <br><br> Plaintiffs, <br><br> v. <br><br> ALLEN COUNTY COUNCIL, ALLEN ALLEN COUNTY BOARD OF COMMISSIONERS, and ALLEN COUNTY PUBLIC DEFENDER BOARD, <br><br> Defendants. | CAUSE NO.: 1:15-CV-402-TLS |

## OPINION AND ORDER

The Plaintiffs, Calvin Wilson, David Blume, and Asia Marshall, on behalf of themselves and others similarly situated, have brought this class action against Defendants, the Allen County Council, the Allen County Board of Commissioners, and the Allen County Public Defender Board, seeking declaratory and injunctive relief pursuant to 42 U.S.C. § 1983. The Plaintiffs allege that the Defendants fail to provide effective assistance of counsel to indigent defendants charged with committing misdemeanor crimes in the courts of Allen County, Indiana in violation of the Sixth and Fourteenth Amendments to the United States Constitution and Section 13(a) of Article 1 of the Indiana State Constitution. On August 30, 2016, the Plaintiffs filed their First Amended Motion for Class Certification [ECF No. 48]. On February 6, 2017, the Defendants filed their Objection [ECF No. 57] to the Plaintiffs' Motion. On February 10, 2017, the Plaintiffs filed their Reply [ECF No. 58]. Discovery on this case is ongoing, with an expected conclusion date of September 13, 2017. (*See* June 20, 2017 Order, ECF No. 75).

Upon review of the parties' briefing, the Court notes that the Defendants' Objection is entirely premised on the basis of the Named Plaintiffs' lack of Article III standing. (*See* Defs' Obj., ECF No. 57.) Moreover, the Defendants state that they intend to file a Motion to Dismiss on the same point:

> The Named Plaintiffs lack of Article III standing to continue pursuing their individual claims in this cause of action also means that this cause of action has become moot and should be dismissed as to the Named Plaintiffs. In light of this reality, the Defendants do intend to file a motion to dismiss this cause of action in its entirety based on the fact that the Named Plaintiffs' claims are now moot and, therefore, this Court no longer has jurisdiction over this cause of action.

(Defs' Obj. 10 n.2 (citations omitted), ECF No. 57.)

Accordingly, this Court is called upon to address the Plaintiffs' standing to bring the instant action. The issue of standing presents "the threshold question in every federal case . . . ." *Warth v. Seldin*, 422 U.S. 490, 498 (1974). The Court is "obligated to address . . . standing because it is a predicate to our subject matter jurisdiction here." *Lindley v. Sullivan*, 889 F.2d 124, 128 n.3 (7th Cir. 1989). "The Court simply cannot close its eyes to evidence that calls into question its jurisdiction over a case." *Illinois Sporting Goods Ass'n v. Cty. of Cook*, 884 F. Supp. 275, 282 (N.D. Ill. 1995).

Because the Defendants indicate that they will file a Motion to Dismiss on the issue of standing, the Court terms, with leave to refile, the Plaintiffs' First Amended Motion for Class Action. The Court grants the Defendants until September 13, 2017, to file a motion to dismiss. Upon receipt of the parties' completed briefing on the motion, the Court will address the issues raised in the motion to dismiss, including standing.

## CONCLUSION

Accordingly, the Court DENIES, WITH LEAVE TO REFILE, the Plaintiffs' First Amended Motion for Class Certification [ECF No. 48]. The Court GRANTS the Defendants until September 15, 2017, to file their Motion to Dismiss.

SO ORDERED on August 14, 2017.

s/ Theresa L. Springmann  
CHIEF JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT