UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| CALVIN WILSON, DAVID BLUME, and ASIA MARSHALL, individually and on behalf of all other similarly situated persons, <br><br>　Plaintiffs, <br><br>　v. <br><br>ALLEN COUNTY COUNCIL, ALLEN ALLEN COUNTY BOARD OF COMMISSIONERS, and ALLEN COUNTY PUBLIC DEFENDER BOARD, <br><br>　Defendants. | CAUSE NO.: 1:15-CV-402-TLS |

## OPINION AND ORDER

This matter is before the Court on the Plaintiffs' Motion [ECF No. 88] to Amend/Correct their Brief [ECF No. 85] in Opposition to the Defendants' Motion to Dismiss [ECF No. 82] the Plaintiff's Third Amended Complaint [ECF No. 45].

## BACKGROUND

Plaintiffs Calvin Wilson, David Blume, and Asia Marshall, on behalf of themselves and others similarly situated, have brought this class action against Defendants, the Allen County Council, the Allen County Board of Commissioners, and the Allen County Public Defender Board, seeking declaratory and injunctive relief pursuant to 42 U.S.C. § 1983. The Plaintiffs allege that the Defendants have failed to provide effective assistance of counsel to indigent defendants charged with committing misdemeanor crimes in the courts of Allen County, Indiana, in violation of the Sixth and Fourteenth Amendments to the United States Constitution and Section 13(a) of Article 1 of the Indiana State Constitution. On September 15, 2017, the

Defendants filed a Motion to Dismiss the Plaintiff's Third Amended Complaint [ECF No. 82] and on September 25, 2017, the Plaintiffs filed their Response [ECF No. 84]. On September 28, 2017, the Plaintiffs filed a Motion to Amend/Correct their Brief in Opposition [ECF No. 88] to te Motion to Dismiss, the Defendants responded [ECF No. 92], and the Plaintiffs replied [ECF No. 93].

As detailed in their Motion to Amend, the Plaintiffs seek to amend their response brief in opposition to the Defendants' Motion to Dismiss by adding one new paragraph and two documents. (Pls' Proposed Am. Br. in Opp. to Defs.' Mot. to Dismiss 13-14, ECF No. 88-1.) One of these documents in a letter (the Letter) from Derrick Mason, identified as a Senior Staff Attorney at the Indiana Public Defender Commission (IPDC), confirming the IPDC's approval of a request from the Allen County Public Defender (ACPD) to hire additional staff. (Aug. 18, 2017 Ltr., ECF No. 88-1.) The Defendants oppose the Motion to Amend, and the inclusion of the attached proposed amended response brief and Letter in the record, arguing that the Letter is protected and excluded under the deliberative process privilege.[1]

## ANALYSIS

The deliberative process privilege protects communications that are part of the decision-making process of a governmental agency. *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 150–152 (1975). "Since frank discussion of legal and policy matters is essential to the decision-making process of a governmental agency, communications made prior to and as a part of an

---

[1] The Defendants have made a formal claim of the deliberative process privilege by appending the Affidavit [ECF No. 92-1] of Randall Hammond, the Chief Public Defender, as required. *See United States v. Reynolds*, 345 U.S. 1, 7–8 (1953) ("There must be a formal claim of privilege, lodged by the head of the department which has control over the matter, after actual personal consideration by the officer.") The Plaintiffs do not take issue with the procedural manner in which the Defendants have asserted the privilege.

agency determination are protected from disclosure." *United States v. Farley*, 11 F.3d 1385, 1389 (7th Cir. 1993) (citing *id.* at 151.) The privilege "rests on the obvious realization that officials will not communicate candidly among themselves if each remark is a potential item of discovery and front page news, and its object is to enhance 'the quality of agency decisions by protecting open and frank discussion among those who make them within the Government.'" *Anderson v. Marion Cty. Sheriff's Dep't*, 220 F.R.D. 555, 560 (S.D. Ind. 2004) (citation omitted). The burden to show the privilege applies rests on the party asserting the privilege "both to its existence and its applicability." *King v. Internal Revenue Serv.*, 684 F.3d 517, 519 (7th Cir. 1982); *Allen v. Chi. Transit Auth.*, 198 F.R.D. 495, 501 (N.D. Ill. 2001).

However, there are limitations to the privilege. "For the privilege to apply at all, the document—or communication—must be 'pre-decisional' and 'deliberative.'" *Marion Cty. Sheriff's Dep't*, 220 F.R.D. at 560 (citation omitted). The Seventh Circuit has held that "pre-decisional" means that a document or communication "is actually antecedent to the adoption of an agency policy." *Enviro Tech Int'l v. E.P.A.*, 371 F.3d 370, 375 (7th Cir. 2004) (internal quotation marks and citation omitted). Accordingly, communications made subsequent to an agency decision are not protected. *Farley*, 11 F.3d at 1389. The Seventh Circuit has also held that "deliberative" means that the document or communication "is actually related to the process by which policies are formulated." *Enviro Tech Int'l Inc.*, 371 F.3d at 375. Therefore, "the deliberative process privilege typically does not justify the withholding of purely factual material." *Id.* at 374. Courts have held that the privilege is narrow and "the privilege should be invoked only in the context of communications designed to directly contribute to the formulation of *important public policy.*" *Anderson*, 220 F.R.D. at 560–61 (internal quotation marks and citation omitted) (emphasis in original). Moreover, the deliberative process privilege may be

3

overcome where there is a sufficient showing of a particularized need that outweighs the reasons for confidentiality. *Farley*, 11 F.3d at 1389.

The Court finds that that deliberative process privilege does not extend to the Letter at issue. First, on its face, the Letter appears to be a confirmation authorizing personnel (or shifting personnel into different positions). It begins by acknowledging that:

> The Public Defender Commission is in receipt of your [Mr. Hammond's] letter stating that Allen County is interested in having six (6) deputy public defenders handling exclusively misdemeanor caseloads and hiring an additional three (3) paralegals/investigators . . . . Per our conversation, the pay and compensation for the misdemeanor deputy public defenders . . . would be the same as the other deputy public defenders . . . .

(Aug. 18, 2017 Ltr.) The Letter goes on to state that the pay rate for the misdemeanor deputy defenders is comparable to the other full time attorneys. The language does not appear to reflect any sort of deliberation, let alone deliberation "related to process by which policies are formulated." *Enviro Tech Int'l*, 371 F.3d at 375; *see also United States v. Lake Cty. Bd. of Comm'rs*, 233 F.R.D. 523, 528 (N.D. Ind. 2005) ("[T]he Court doubts that the deliberative process . . . privilege[] ever [was] intended to prohibit inquiry into routine personnel decisions."). Rather, the language in the Letter indicates that it is an authorization, or confirmation "per [a] conversation," for the ACPD's hiring of staff. (Aug. 18, 2017 Ltr.)

The Defendants take issue with the last paragraph of the Letter, in which Mr. Mason writes:

> Six (6) full time and adequately staffed misdemeanor attorneys provides Allen County with sufficient legal support to handle up to 2400 misdemeanor cases under current guidelines. This would appear to be enough to handle the annual caseload as reported in 2016. In other words, I am pleased to say that such a proposal would appear to make misdemeanor representation in Allen County in compliance with current Commission Standards and Guidelines. Please let me know if you need anything further.

4

(*Id.*) The Defendants argue that this language "constitutes an advisory opinion concerning potential hiring decisions." (Defs.' Resp. 5, ECF No. 92.) However, the plain text of this language does not appear to constitute an advisory opinion that is part of agency deliberation.[2] Rather, Mr. Mason's statement that the hiring would be in compliance with IPDC guidelines is a factual statement. And, even if the language is advisory in nature, there is no indication from the text of the Letter that it is part of a greater decision-making process.

However, the Court has reviewed the Affidavit of Randall Hammond and given it due consideration. Mr. Hammond avers that no decision regarding hiring had been made, and when he contacted the IPDC, he sought to "determine whether potential hiring practices would comply with the [IPDC] standards and guidelines." (Aff. of Randall Hammond ¶¶ 4, 7.) He further states that the correspondence "was intended to assist with the decision-making process [of] whether to request additional funding and potentially implement hiring practices . . . ." (*Id.* at ¶ 6). Mr. Hammond thus claims the deliberative process privilege. (*Id.* at ¶ 8.)

Even taking Mr. Hammond's Affidavit at face value, the Letter is still not protected by the privilege because "the privilege is intended to prevent inquiry into governmental decision-making that is only collateral to the case." *Lake Cty. Bd. of Comm'rs*, 233 F.R.D. at 526 (citation omitted). "[I]f either the Constitution or a statute makes the nature of the governmental officials' deliberations the issue, the privilege is a nonsequitor." *Id.* (internal quotation marks and citation omitted). "The deliberative process privilege yields when government misconduct is the focus of the lawsuit." *Id.* at 527. "[T]he exception is simply a restatement of the principal that the

---

[2] The Court notes that Mr. Mason does not write that the ACPD was out of compliance with the IPDC guidelines and the additional hiring would bring the ACPD into compliance. Nor does Mr. Mason note that the language in the Letter is his opinion. In their briefing, the Defendants agree, writing "The Public Defender Commission does not opine or find that Allen County operates a constitutionally defective public defense system . . . ." (Defs.' Resp. 5.)

deliberative process privilege does not apply when the government's intent is at issue." *Id*; *see also Holmes v. Hernandez*, 221 F. Supp. 3d 1011, 1021 (N.D. Ill. 2016) ("Where a plaintiff directly challenges a government agency's deliberative process, courts routinely find that there is a particularized need for disclosure.").

In this case, the Plaintiffs have accused the Defendants of:

> Operat[ing] a constitutionally and structurally deficient public defender system for indigent individuals charged with misdemeanor crimes. Systemic failures are numerous and include in particular excessive attorney caseloads. These failures have led to the denial of effective assistance of counsel.

(Compl. ¶ 4.) Accordingly, at the crux of the lawsuit is an accusation of government misconduct. Moreover, the Plaintiffs assert that the Defendants acted intentionally when depriving the Plaintiffs of their constitutional right to the effective assistance of counsel, thus placing "the government's intent at issue":

> Despite knowing of the deficiencies of their public defense system, including excessive attorney caseloads, Defendants have failed to take reasonable steps to protect the constitutional rights of those affected.
>
> As a result, indigent individuals charged with misdemeanor crimes in Allen County have suffered and continue to suffer harm as a result of Defendants' violations of their constitutional rights.

(Compl. ¶¶ 5–6.); *Lake Cty. Bd. of Comm'rs*, 233 F.R.D. at 527.

Therefore, the Court finds that the deliberative process privilege does not shield the attachment of, or reference to, the Letter at issue in the Plaitniff's proposed amended brief in Opposition to the Motion to Dismiss.

## CONCLUSION

For these reasons, the Court GRANTS the Plaintiffs' First Motion to Amend/Correct their Brief in Opposition [ECF No. 88] to the Motion to Dismiss. The Court notes that the

Motion to Dismiss [ECF No. 82] is still pending and thus gives leave to the Defendants to file a reply by April 17, 2018.

SO ORDERED on March 27, 2018.

s/ Theresa L. Springmann  
CHIEF JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT