UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CALVIN WILSON and ASIA MARSHALL, individually and on behalf of all others similarly situated,<br><br>            Plaintiffs,<br><br>     v.<br><br>ALLEN COUNTY BOARD OF COMISSIONERS, ALLEN COUNTY COUNCIL, and ALLEN COUNTY PUBLIC DEFENDER BOARD,<br><br>            Defendants. | CAUSE NO.: 1:15-CV-402-TLS-SLC |

**OPINION AND ORDER**

This matter is before the Court on Defendants' Motion to Dismiss the Third Amended Complaint [ECF No. 137], filed on September 9, 2019. Defendants seek dismissal of the lawsuit under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction on the basis that the claims brought by Plaintiff Asia Marshall are moot. Ms. Marshall has not filed a response, and the time to do so has passed. For the reasons set forth below, the Court GRANTS in part and DENIES in part Defendants' motion to dismiss, dismissing the lawsuit as to Plaintiff Asia Marshall only.

**PROCEDURAL AND FACTUAL BACKGROUND**

On December 31, 2015, Plaintiff Calvin Wilson filed a Complaint [ECF No. 1] in the instant cause number individually and on behalf of others similarly situated, alleging that Defendants operated a constitutionally and structurally deficient public defender system for indigent defendants charged with misdemeanor crimes in Allen County, Indiana. On February

23, 2016, a First Amended Complaint [ECF No. 19] was filed to add David Blume as a plaintiff. On May 17, 2016, a Second Amended Complaint [ECF No. 27] was filed to clarify allegations.

Previously, on January 12, 2015, Asia Marshall was charged in Allen County, Indiana, with committing the misdemeanor crimes of Domestic Battery and Disorderly Conduct ("Misdemeanor Case"). Third Am. Compl. ¶¶ 12, 45a, ECF No. 45. On March 9, 2016, Ms. Marshall was appointed a public defender in her state Misdemeanor Case. *See* Third Am. Compl. ¶ 45b; *see also* Mem. in Supp. of Mot. to Dismiss, Ex. B (Marshall Dep. Ex. C) p. 7, ECF No. 138-2. On June 29, 2016, a jury trial was held, and Ms. Marshall was found guilty of committing Domestic Battery and Disorderly Conduct. Third Am. Compl. ¶¶ 45d, 45g. As a result, Ms. Marshall was sentenced to thirty days in jail. *See* Mem. in Supp. of Mot. to Dismiss, Ex. B (Marshall Dep. Ex. C) p. 8. She appealed her conviction and was represented by an Allen County Public Defender on appeal. Third Am. Compl. ¶ 45k.

Seeking to add Ms. Marshall as a plaintiff in this case based on the representation she received by the Allen County Public Defender in her state criminal proceedings, Plaintiffs Wilson and Blume filed a Motion for Leave to File a Third Amended Complaint on August 11, 2016. With leave of Court, Plaintiffs Wilson, Blume, and Marshall filed the Third Amended Complaint [ECF No. 45] on August 19, 2016.

Individually, Ms. Marshall alleges that she is being represented by an Allen County public defender in her Misdemeanor Case, "now on appeal," and that the public defender is unable to properly represent her due to his excessive caseload created by the Defendants' failure to hire a sufficient number of public defenders. Third Am. Compl. ¶¶ 34, 45. Based on these allegations, Ms. Marshall claims that the Defendants are violating her constitutional right as an indigent criminal defendant to effective assistance of legal counsel guaranteed by the Sixth and

Fourteenth Amendments to the United States Constitution and Section 13(a) of Article 1 of the Indiana State Constitution. *Id*. ¶¶ 45, 52, 54. Ms. Marshall seeks declaratory and prospective injunctive relief against Defendants, seeking an increase in the number of public defenders and support staff providing legal representation to indigent defendants facing misdemeanor charges filed in Allen County State Courts. *Id*. p. 20. Ms. Marshall makes no request for relief in the form of money damages in the Third Amended Complaint.

In the state Misdemeanor Case, the Indiana Court of Appeals issued a Memorandum Decision on February 22, 2017, affirming Ms. Marshall's conviction for Domestic Battery and, based on the Double Jeopardy Clause of the Indiana Constitution, remanding her case to the trial court to vacate the conviction and sentence for Disorderly Conduct. *See* Mem. in Supp. of Mot. to Dismiss, Ex. C (Mem. Decision) pp. 8, 9, ECF No. 138-3. On May 31, 2017, the Allen Superior Court vacated Ms. Marshall's conviction and sentence for Disorderly Conduct. *See id.*, Ex. D (Case Summary) p. 15, ECF No. 138-4. Finally, on August 3, 2017, Ms. Marshall's state Misdemeanor Case was closed. *Id*. p. 19.

The Third Amended Complaint also brings class action allegations under Federal Rule of Civil Procedure 23(b)(2), seeking declarative and injunctive relief. Third Am. Compl. ¶¶ 16–23. On August 30, 2016, Plaintiffs filed a First Amended Motion for Class Certification [ECF No. 48]; however, on August 14, 2017, the Court denied the motion with leave to refile [ECF No. 76]. No subsequent motion for class certification has been filed.

On August 29, 2017, Plaintiff David Blume's claims were dismissed with prejudice pursuant to an agreement by the parties. *See* Stip. to Dismiss, ECF No. 77.

In May and June 2018, counsel for the remaining parties engaged in settlement negotiations. *See* Defs.' Mot. Enforce Settlement Agreement. ¶¶ 2–4, ECF No. 104. Counsel

3

agreed that, in light of actions that Defendants Allen County Council and Allen County Public Defender Board had taken after this lawsuit was filed to increase the size of the staff of the Allen County Public Defender's Office, Plaintiffs' request for prospective injunctive relief in the Third Amended Complaint had been satisfied. *See id*. ¶ 2. Defendants offered a number of terms of settlement, which included, among other things, payment of attorney fees and costs of $90,000 to Plaintiffs' counsel, release by Plaintiffs of all claims they had against any of the Defendants for "anything relating to the public defender services provided by the Allen County Public Defender's Office" to Plaintiffs, dismissal of the lawsuit, and execution of an agreement reflecting these terms by Plaintiffs, Defendants, and Plaintiffs' counsel. *Id*. ¶ 2. In response, counsel for Plaintiffs communicated that Plaintiffs would accept the terms if a "carve out" was included to allow Ms. Marshall to retain the right to sue Allen County Public Defender Ryan Lackey for alleged malpractice in the Misdemeanor Case. *Id*. ¶ 3. On June 15, 2018, counsel for Defendants called Plaintiffs' counsel and communicated that Defendants agreed to the requisite "carve out." *Id.* ¶ 4. Thus, in Defendants' view, this lawsuit settled on June 15, 2018. *Id*.

On June 19, 2018, Plaintiffs' counsel requested certain additional modifications, including a second "carve out" for Ms. Marshall to bring a lawsuit against Allen County Public Defender David Joley for alleged malpractice during representation of her in the Misdemeanor Case on appeal. *Id*. ¶ 6. Defendants agreed and sent a revised draft of the Settlement Agreement on July 10, 2018. *Id*. ¶ 7. On July 18, 2018, during a telephone call, Plaintiffs' counsel informed counsel for Defendants that Ms. Marshall was not happy with the settlement because she was not receiving any money. *Id*. ¶ 8.

On August 3, 2018, counsel for Defendants sent a final version of the settlement agreement to Plaintiffs' counsel. *Id*. ¶ 10. That same date, Plaintiffs' counsel expressed Ms.

Marshall's new concern that there was no language in the Settlement Agreement identifying the changes made to the Allen County Public Defender's Office as a result of this lawsuit. *Id.* ¶ 11. Although the Settlement Agreement already contained such language, Defendants agreed to add more language identifying the changes. *Id.* ¶ 13. On August 16, 2018, August 17, 2018, and September 6, 2018, Defendants Allen County Council, Allen County Board of Commissioners, and Allen County Public Defender Board, respectively, voted on, approved, and executed the Settlement Agreement. *Id.* ¶¶ 16–18. On August 30, 2018, Plaintiffs' counsel informed counsel for Defendants that Ms. Marshall refused to sign the Settlement Agreement and that she was now demanding $300,000 in damages. *Id.* ¶¶ 20–21.

As for Plaintiff Calvin Wilson's claims, Defendants represent that Mr. Wilson executed the Settlement Agreement on August 29, 2018, wherein he released all claims against Defendants arising from the allegations of the Third Amended Complaint and agreed to dismiss the lawsuit with prejudice. *See* Mem. of Law in Supp. of Defs.' Mot. to Dismiss Third Am. Compl. p. 1, n.1, ECF No. 138; *see also* Defs.' Mot. Enforce Settlement Agreement. ¶¶ 19–20. No motion has been filed to dismiss Mr. Wilson's claims.

On September 18, 2018, Defendants filed a Motion to Enforce Settlement Agreement [ECF No. 104]. On September 20, 2018, the Court received a letter [ECF No. 106] from Ms. Marshall setting forth her dissatisfaction with Plaintiffs' attorneys' representation in this lawsuit and asking that the Court withdraw their representation of her. The same date, counsel for Plaintiffs moved to withdraw [ECF No. 107] their appearances on behalf of Ms. Marshall. On October 29, 2018, Plaintiffs' counsel filed a Supplemental Report [ECF No. 114], in which Plaintiffs' counsel explained that Ms. Marshall had been advised that she needed independent

"criminal legal malpractice" attorneys to proceed with any litigation against her Allen County Public Defenders for monetary relief. *See* Suppl. Report ¶ 10, ECF No. 114.

On October 29, 2018, the Court held a telephonic status conference [ECF No. 115] at which the Court granted the motion to withdraw appearance, took under advisement the Motion to Enforce Settlement Agreement, and granted Ms. Marshall until November 30, 2018, to retain counsel or file a written document advising the Court why the Settlement Agreement should not be approved. On November 19, 2018, Ms. Marshall, proceeding without counsel, filed a Petition for Relief [ECF No. 116], asking this Court for relief based on the alleged "ineffective assistance" of Plaintiffs' counsel in this case. The Petition for Relief was then fully briefed.

On July 25, 2019, the Court issued an Opinion [ECF No. 133] denying the Defendants' Motion to Enforce Settlement Agreement and granting in part and denying in part Ms. Marshall's Petition for Relief, granting the Petition for Relief only to the extent Ms. Marshall asked the Court to decline to enforce the Settlement Agreement.

On September 9, 2019, Defendants filed the instant Motion to Dismiss the Third Amended Complaint [ECF No. 137], seeking dismissal of the Third Amended Complaint on the basis that Ms. Marshall is the "only plaintiff actively litigating the Lawsuit," *id*. p. 1, n.1, and that Ms. Marshall's individual claims are moot. In light of her pro se status, the Court sua sponte issued an Order on October 9, 2019, extending the deadline for Ms. Marshall to file a response to the Motion to Dismiss to October 25, 2019. Ms. Marshall has not filed a response, and the motion is ripe for review.

**LEGAL STANDARD**

A motion to dismiss challenging a court's subject matter jurisdiction based on mootness is brought under Federal Rule of Civil Procedure 12(b)(1). *See Evers v. Astrue*, 536 F.3d 651,

662 (7th Cir. 2008) ("Mootness is a threshold jurisdictional question that insures that the court is faithful to the case or controversy limitation in Article III of the Constitution."); *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th Cir. 2007) (recognizing that a motion to dismiss on mootness grounds is brought under Rule 12(b)(1)). In analyzing a Rule 12(b)(1) motion, the Court accepts as true the plaintiff's well-pleaded allegations and draws reasonable inferences in favor of the plaintiff. *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999). However, a court "may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *St. John's United Church of Christ*, 502 F.3d at 625 (quoting *Long*, 182 F.3d at 554). As the party seeking the federal forum, Ms. Marshall bears the burden of establishing subject matter jurisdiction. *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006) (quoting *Renne v. Geary*, 501 U.S. 312, 316 (1991)).

**ANALYSIS**

In the instant Motion to Dismiss, Defendants ask the Court to dismiss the Third Amended Complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. Defendants argue that, because Ms. Marshall's state Misdemeanor Case is closed, her claim for declaratory and injunctive relief no longer presents a live controversy and is moot, requiring dismissal of the lawsuit. The Court agrees that Ms. Marshall's claims are moot and dismisses her claims. However, dismissal of the lawsuit is not proper because Plaintiff Calvin Wilson remains a party to the litigation.

"Article III of the Constitution grants the Judicial Branch authority to adjudicate 'Cases' and 'Controversies.'" *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90 (2013); *see also Home Care Providers, Inc. v. Hemmelgarn*, 861 F.3d 615, 620 (7th Cir. 2017). Thus, a plaintiff who invokes

the power of the federal court must demonstrate standing—that is a "personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Already, LLC*, 568 U.S. at 90 (quoting *Allen v. Wright*, 468 U.S. 737, 751 (1984)). The Supreme Court has repeatedly held that an "actual controversy" must exist both at the time the complaint is filed as well as through "all stages" of the litigation. *Id.* at 90–91 (quoting *Alvarez v. Smith*, 558 U.S. 87, 92 (2009)); *Powell v. McCormack*, 395 U.S. 486, 496 (1969).

"As a general rule, cases or individual claims for relief become moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *UWM Student Ass'n v. Lovell*, 888 F.3d 854, 860 (7th Cir. 2018) (internal quotation marks omitted) (quoting *Stotts v. Cmty. Unit Sch. Dist. No. 1*, 230 F.3d 989, 990 (7th Cir. 2000) (quoting *Powell*, 395 U.S. at 496)); *see also Already, LLC*, 568 U.S. at 91 (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982)). And, "mootness, however it may come about, simply deprives [the court] of [its] power to act." *Spencer v. Kemna*, 523 U.S. 1, 18 (1998). Thus, "[i]f an intervening circumstance deprives the plaintiff of a 'personal stake in the outcome of the lawsuit,' at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 72 (2013) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477–78 (1990)); *see also Milwaukee Police Ass'n v. Bd. of Fire & Police Comm'rs*, 708 F.3d 921, 929 (7th Cir. 2013).

In this case, Defendants do not dispute that Plaintiff Asia Marshall had standing at the time the Third Amended Complaint was filed. Rather, Defendants argue, and the Court agrees, that Ms. Marshall no longer has a "personal stake" in the outcome of this litigation and her claims are moot. The Third Amended Complaint alleges that Ms. Marshall is currently at risk of

being convicted of committing the criminal charges filed against her in the "pending" state Misdemeanor Case due to the ineffective assistance of counsel of her public defender. The claim is based on the alleged inability of the public defender to properly represent Ms. Marshall due to his excessive caseload created by the allegedly unconstitutional actions of Defendants. The only remedy sought by Ms. Marshall for this "ongoing risk" to her constitutional rights is declaratory and prospective injunctive relief that would require Defendants to hire more misdemeanor public defenders.

However, Ms. Marshall's state Misdemeanor Case in Allen County was resolved and closed on August 3, 2017. As a result, Ms. Marshall is no longer an indigent criminal defendant represented by a public defender from the Allen County Public Defender's Office in a pending criminal case filed in the Allen County State Court. Therefore, there is no longer a live case or controversy between Ms. Marshall and Defendants in this litigation. Ms. Marshall currently faces no ongoing or foreseeable risk of being denied her constitutional rights due to the alleged ineffective assistance of counsel by her former Allen County Public Defender. There is no basis for the requested declaratory and injunctive relief sought by Ms. Marshall.

Notwithstanding the extension of time granted by the Court, Ms. Marshall has not responded to the instant motion to pursue her individual claim or to express an intent to proceed on any claim on behalf of a potential class. No class has been certified, and no motion for class certification has been filed. *See, e.g.*, *Alvarez*, 558 U.S. at 89–94 (finding the case moot where the underlying property disputes of the named plaintiffs, who had only sought declaratory and injunctive relief, had ended and no class was certified, and finding that the individual plaintiffs could not rely on the "capable of repetition yet evading review" exception to the mootness doctrine because they could not show that they were likely to be subjected to the complained-of

state procedures); *Olson v. Brown*, 594 F.3d 577, 580, 582–83 (7th Cir. 2010) (finding that, although the case would be moot if the named plaintiff had only brought claims individually because that controversy had been resolved, the case as to the class was not moot under the "inherently transitory" doctrine because the plaintiff had filed a motion for class certification while he was still a party to the live controversy).

Because Ms. Marshall no longer has a personal stake in this litigation that seeks only declaratory and injunctive relief, her claims are moot and cannot proceed. However, Mr. Wilson remains a plaintiff to this litigation. Although the Court recognizes that Defendants attached a copy of the settlement agreement Mr. Wilson executed on August 29, 2018, agreeing to dismissal of the lawsuit with prejudice, no stipulation to dismiss his claims under Federal Rule of Civil Procedure 41(a)(2) has been filed to date. Therefore, the Court grants dismissal of Ms. Marshall's claims only.

## CONCLUSION

Based on the foregoing, the Court hereby GRANTS in part and DENIES in part Defendants' Motion to Dismiss the Third Amended Complaint [ECF No. 137] and ORDERS that the claims brought by Plaintiff Asia Marshall individually are hereby DISMISSED without prejudice. The case remains pending as to Plaintiff Calvin Wilson.

SO ORDERED on February 5, 2020.

s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT